**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PASCUAL HERNANDEZ GASPAR, | No. 12-72353 |
| Petitioner, | Agency No. A095-793-930 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Pascual Hernandez Gaspar, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Hernandez Gaspar contends gang members threatened and harmed him on account of his religion. Substantial evidence supports the BIA's finding that Hernandez Gaspar failed to establish he suffered past persecution or has a well-founded fear of future persecution upon return to Guatemala on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, in the absence of a nexus to a protected ground, Hernandez Gaspar's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Hernandez Gaspar failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Hernandez Gaspar's contentions that the BIA's analysis was inadequate and incomplete. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA "does not have to write an exegesis on every contention"); *see*

*also Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner must overcome the presumption that the agency has considered all the evidence).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**